IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION.

MDL No. 2437.

United States Judicial Panel on Multidistrict Litigation.

April 8, 2013.

Before KATHRYN H. VRATIL, Acting Chairman, W. ROYAL FURGESON, JR., PAUL J. BARBADORO, LEWIS A. KAPLAN, and CHARLES R. BREYER, Judges of the Panel.

## TRANSFER ORDER

KATHRYN H. VRATIL, Acting Chairman.

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in one action moves for centralization of this litigation in the Western District of North Carolina. This litigation currently consists of six actions pending in two districts, as listed on Schedule A. Since the filing of the motion, the parties have notified the Panel of 14 related actions pending in various federal districts.[1]

All parties support centralization under Section 1407, but disagree on an appropriate choice for transferee district. Movant's request for the Western District of North Carolina is joined by plaintiff in one action on the motion and plaintiff in one potential tag-along action. All defendants,[2] plaintiffs in four actions on the motion, and plaintiffs in five potential tag-along actions support centralization in the Eastern District of Pennsylvania. Plaintiffs in four potential tag-along actions in the Northern District of Illinois request centralization in that district.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising from allegations that domestic manufacturers of drywall have engaged in a conspiracy to fix, raise, maintain, and/or stabilize the prices of drywall products sold in the United States. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Any of the suggested districts would be an appropriate transferee forum for this litigation. Weighing all factors, we have selected the Eastern District of Pennsylvania. All defendants and plaintiffs in the majority of the pending actions support centralization in the Eastern District of Pennsylvania. Relevant documents and witnesses may be found in or near this district, inasmuch as several defendants have their principal places of business in Pennsylvania or other states in the mid-Atlantic area. Judge Michael M. Baylson is an experienced transferee judge who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions

---

[*] Judge John G. Heyburn II and Judge Marjorie O. Rendell took no part in the decision of this matter.

1. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

2. The defendants are USG Corporation; United States Gypsum Company; L & W Supply Corporation; New NGC, Inc.; Spangler Companies, Inc.; CertainTeed Corporation; Georgia–Pacific LLC; American Gypsum Company LLC; Lafarge North America, Inc.; TIN, Inc. d/b/a Temple Inland, Inc.; and PABCO Building Products LLC.

listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Michael M. Baylson for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

## SCHEDULE A

**MDL No. 2437 — IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION**

*Western District of North Carolina*

*Caceres Drywall Corporation v. National Gypsum Company,* et al., C.A. No. 3:13–00031

*Jerry R. Berkhous v. National Gypsum Company,* et al., C.A. No. 3:13–00035

*Eastern District of Pennsylvania*

*Janicki Drywall, Inc. v. CertainTeed Corp.,* et al., C.A. No. 2:12–07106

*New Deal Lumber & Millwork Co., Inc. v. USG Corporation,* et al., C.A. No. 2:12–07161

*Sierra Drywall Systems, Inc. v. Certain-Teed Corp.,* et al., C.A. No. 2:13–00020

*Grubb Lumber Company, Inc. v. USG Corporation,* et al., C.A. No. 2:13–00249